UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| **SHIRLEY GREEN &** ) | |
| **SHANNAH ERNST** ) | |
| ) | |
| **Plaintiffs** ) | **Case Number:**  1:14-cv-162 (MAD/CFH) |
| ) | |
| **vs.** ) | |
| ) | |
| **WINDHAM PROFESSIONALS, INC.** ) | **CIVIL COMPLAINT** |
| ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant** ) | |

---

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiffs, Shirley Green and Shannah Ernst, by and through their undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

## I.  INTRODUCTORY STATEMENT

1.      Plaintiffs, Shirley Green and Shannah Ernst, are adult natural persons and they bring this action for actual and statutory damages and other relief against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of New York General Business Laws §349 and §601, Invasion of Privacy by Intrusion Upon Seclusion as well as The Telephone Consumer Protection Act of 1991 ("TCPA") which prohibits telemarketing calls, unsolicited faxes, prerecorded calls, or autodialed calls to cell phones.

## II.  JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that Plaintiffs reside in this District.

## III.  PARTIES

4.      Plaintiffs, Shirley Green and Shannah Ernst, (hereafter, Plaintiffs) are adult natural persons residing in Selkirk, New York.  At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Windham Professionals, Inc.  (hereafter, Defendant), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New York and the State of New Hampshire with a primary location at 380 Main Street, Salem, NH 03079.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7.      In or around January, 2014, Plaintiffs started to receive constant and continuous calls from Defendant's agent, "Lakesha", looking to collect on an alleged past due Sallie Mae school loan said to be owed by Plaintiff, Shannah.

8.      Plaintiff, Shirley, who is Shannah's grandmother, is unsure of why Defendant is calling her, as she did not co-sign for any school loans.

9.      Plaintiff, Shirley, states she was listed only as a family reference.

10.     On the initial call to Plaintiff, Shirley, Defendant's agent, "Lakesha", refused to identify herself or the agency that she was calling from unless Shirley turned over her Social Security number.

11.     Plaintiff, Shirley, refused and ended the call.

12.     Defendant then continued calls to both Plaintiffs, sometimes up to six (6) calls per day to their personal cell phones.

13.     During calls to Plaintiff, Shannah, Defendant warned the Plaintiff that she needed to make payment immediately or her wages would be garnished.

14.     Despite having contact directly with Plaintiff, Shannah, the Defendant continued to place calls to her grandmother, Plaintiff, Shirley.

15.     On or about February 4, 2014, Plaintiff, Shirley, received another call from Defendant's agent, "Lakesha", who finally after a month of calls disclosed where she was calling from but only after the Plaintiff agreed to give the last four (4) digits of her Social Security number.

16.     During this call, Plaintiff, Shirley, tried to explain that she was not responsible for this debt and that she wanted the calls to stop.

17.     Defendant's agent however, continued her collection efforts.

18.     Plaintiff, Shirley, stated that she would be seeking legal advice for the treatment that she had received from the Defendant and their agent.

19.     Defendant's agent, "Lakesha", responded for the Plaintiff to "go right ahead".

20.     As of the filing of this complaint, the Plaintiffs have received nothing in writing in regards to this alleged debt.

21.     Plaintiffs were at no time informed of their right to dispute this debt.

22.     Defendant at no time disclosed the alleged amount due.

23.     It is also believed and therefore averred that the Defendant is reporting this alleged Sallie Mae account on Plaintiff, Shirley's credit and the account is not marked as disputed.

24.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

25.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

26.     At all times pertinent hereto, the Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

27.     At all times pertinent hereto, the conduct of Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

28.     As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs reputation, invasion of privacy, damage to Plaintiffs credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and

pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I – FDCPA

29.     The above paragraphs are hereby incorporated herein by reference.

30.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

31.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2): | Contact of Third Party: Stated that the consumer owes any debt |
| §§ 1692b(3): | Contact of Third Party: Contacted the person more than once, unless requested to do so |
| §§ 1692c(b): | With anyone except consumer, consumer's attorney or credit bureau concerning the debt |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692d(6): | Placed calls without disclosing his/her identity |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |

| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692e(12): | Attempt to turn the debt over to innocent purchaser for value |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send 30-day validation notice within five (5) days of the initial communication |
| §§ 1692g(a)(1): | Must state the amount of debt that is owed |
| §§ 1692g(a)(3): | Must state the right to dispute within 30 days |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

a.    Actual damages;

b.    Statutory damages pursuant to 15 U.S.C. § 1692k;

c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.    Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of New York General Business Law §349

32.    Plaintiffs hereby restate reallege and incorporate herein by reference all foregoing paragraphs as if set forth fully in this count.

33.     Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

34.     GBL §349 provides in relevant part as follows:

(a)     Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

(g)     This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct inquiry

(h)     In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover their actual damages or fifty ($50) dollars whichever is greater, or both such actions.  The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section.  The court may award reasonable attorney's fees to a prevailing Plaintiff.

35.     As a direct and proximate result of Defendant's deceptive acts and practices, committed in violation of GBL §349, Plaintiffs were damaged in that they, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

      a.     Actual damages

      b.     Statutory damages

      c.     An award of reasonable attorney's fees and expenses and cost of suit; and

      d.     Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT III

### Violations of New York General Business Law §601

36.     Plaintiffs hereby restate reallege and incorporate herein by reference all foregoing paragraphs as if set forth fully in this count.

37.     Under New York General Business Law §601, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

38.     GBL §601 provides in relevant part as follows:

      (a)     Communicate with the debtor or any member of his family or household with such frequency or at such unusual hours or in such a manner as can reasonably be expected to abuse or harass the debtor;

(b)     Claim or threaten to enforce a right with knowledge or reason to

know that the right does not exist;

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and

against Defendant, and Order the following relief:

a.     Actual damages

b.     Statutory damages

c.     An award of reasonable attorney's fees and expenses and cost of

suit; and

d.     Such additional relief as is deemed just and proper, or that the

interest of justice may require.


## COUNT IV –TCPA

*Plaintiff Green v. Defendant*

39.     The above paragraphs are hereby incorporated herein by reference.

40.     At all times relevant hereto, Defendant unlawfully, intentionally and fraudulently

violated the TCPA, 47 U.S.C. §227 et. seq. and 47 C.F.R. 64.1200 et. seq.

41.     The foregoing acts and omissions constitute violations of the TCPA, including but

not limited to:

a.     The Defendant used an automatic telephone dialing system that had

capacity to store or produce telephone numbers using random or

sequential number generation and dialed the telephone number

associated with the Plaintiff.

b.      The Defendant initiated telephone calls to Plaintiff's telephone using

artificial and prerecorded voice to deliver a message without the

prior consent of the Plaintiff.

c.      The Defendant initiated communication to the Plaintiff using an

automatic dialer that was not in compliance with the technical and

procedural standards set forth by the TCPA.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor

and against Defendant, and Order the following relief:

a.      Actual damages;

b.      Statutory damages up to $1,500 per telephone call;

c.      Reasonable attorney's fees and costs of suit pursuant to 47 U.S.C. §227; and

d.      Treble damages.


## COUNT V

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

42.     The Plaintiffs incorporate by reference all of the above paragraphs of this

Complaint as though fully stated herein.

43.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as,

"One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs

or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be

highly offensive to a reasonable person."

44.     New York further recognizes the Plaintiffs right to be free from invasions of

privacy, thus the Defendants violated New York state law.

45.     The Defendant intentionally intruded upon the Plaintiffs right to privacy by continually harassing the Plaintiffs with numerous calls.

46.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

47.     As a result of the intrusions and invasions, the Plaintiffs are entitled to actual damages in an amount to be determined at trial from the Defendant.

48.      All acts of the Defendant were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant is subject to punitive damages.

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

      a.     Actual damages

      b.     Statutory damages

      c.     An award of reasonable attorney's fees and expenses and cost of suit; and

      d.     Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V.  <u>JURY DEMAND</u>

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: February 14, 2014**

**BY***:   /s/ Brent F. Vullings*
Brent F. Vullings, Esquire
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff
bvullings@vullingslaw.com